# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### AUGUST 1997 SESSION

FILED

September 18, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 01C01-9610-CR-00420 |
| Appellee, | ) | |
| | ) | SUMNER COUNTY |
| VS. | ) | |
| | ) | Hon. Jane W. Wheatcraft, Judge |
| STACY DWAYNE MEADOWS, | ) | |
| | ) | (Community Corrections |
| Appellant. | ) | Revocation) |

FOR THE APPELLANT:

**DAVID ALLEN DOYLE**
District Public Defender

**PAMELA E. BECK**
**NANCY MYERS**
Assistant District Public Defenders
117 East Main Street
Gallatin, TN 37066-2801

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General and Reporter

**KAREN M. YACUZZO**
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

**LAWRENCE RAY WHITLEY**
District Attorney General

**DEE GAY**
Assistant District Attorney General
113 West Main Street
Gallatin, TN 37066-2803

OPINION FILED: _____

AFFIRMED

**JOE G. RILEY,**
**JUDGE**

**OPINION**

The appellant, Stacy Dwayne Meadows,[1] appeals the Sumner County Criminal Court's order revoking his community corrections sentence. Appellant contends that the trial court erred in revoking this alternative sentence and ordering confinement. We find no error; accordingly, the judgment of the trial court is affirmed.

**PROCEDURAL BACKGROUND**

In September 1992, appellant pled guilty to burglary of a habitation. He was sentenced to three (3) years, with all but 30 days suspended, and placed on supervised probation. In March 1993, he pled guilty to possession of marijuana in a penal institution. He received a three (3) year community corrections sentence consecutive to the burglary probation violation. He was required to serve six (6) months in jail on the probation violation, and the remainder of his sentence was to be served on probation.

In March 1996, appellant's probation was once again revoked on various grounds, including moving without notifying his probation officer, failure to report to his probation officer, failure to pay probation fees, failure to provide proof of payment of restitution and/or costs, failure to seek alcohol and drug treatment and numerous arrests and convictions. He was ordered to serve 45 days in jail, and the remainder of his sentence was to be served in the community corrections program.

On April 15, 1996, a Violation of Community Corrections Warrant was issued citing appellant's failure to report to his case officer for a period of two (2) weeks. The warrant was later amended to indicate that appellant was in absconder status.

At the revocation hearing, appellant testified that he had not reported to his case officer since he had been released from jail after his second probation

---

[1] Appellant's name is also spelled "Stacey" in some of the court documents. It is spelled "Stacy" in the judgments and revocation orders.

violation. He claimed that he had been in Alabama visiting his mother, but had attempted to contact his case officer. Additionally, he stated that he had been drinking excessively, but had not sought treatment because he did not have insurance.

At the conclusion of the hearing, the trial court found that appellant violated the conditions of his community corrections sentence. The court ordered that he serve the remainder of his sentence in the Tennessee Department of Correction.

## REVOCATION

In his sole issue on appeal, appellant argues that the trial court erred in revoking his community corrections sentence. More specifically, he insists that the mere finding of a violation of the conditions of the community corrections sentence will not support revocation. He maintains that incarceration is inappropriate, and the trial court abused its discretion.

Revocation of a community corrections sentence is subject to abuse of discretion standard of review, rather than a *de novo* standard. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of the community corrections sentence has occurred. Id.

In the case *sub judice*, there is no question that appellant violated the terms of his community corrections sentence. In fact, he admitted that he did not report to his case officer as required in the conditions of the community corrections sentence. Moreover, it appears that he left the jurisdiction soon after he was released from jail.

Appellant complains that there is no evidence in the record to suggest that he is not amenable to rehabilitation and "no longer presents a good risk." To the contrary, there is overwhelming evidence in the record to suggest that he is not a proper candidate for alternative sentencing. Appellant has a history of non-compliance with the conditions of his release. He has shown a blatant disregard for

3

the conditions of his alternative sentences. Indeed, this is his third revocation. The trial court did not abuse its discretion in revoking appellant's community corrections sentence.

Furthermore, the trial court did not abuse its discretion in ordering that appellant's sentence be served in confinement. Upon finding a violation, the trial court has the authority to terminate the program and order confinement. Tenn. Code Ann. § 40-36-106(e)(4). It is evident that measures less restrictive than confinement have frequently and recently been applied unsuccessfully to the appellant, making confinement an appropriate measure. Tenn. Code Ann. § 40-35-103(1)(C). This issue is without merit.

## CONCLUSION

We conclude that the trial court was warranted in revoking appellant's probation and ordering that he serve the remainder of his sentences in confinement. The judgment of the trial court is affirmed.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**J. CURWOOD WITT, JR., JUDGE**

_____
**JOE H. WALKER, III, SPECIAL JUDGE**

4